| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO  DATE FILED: November 27, 2017 2:08 PM<br><br>Court Address:  100 Jefferson County Pkwy<br>Golden, CO 80401 | |
| Carlos Hernandez, individually,<br><br>Plaintiff:<br><br>v.<br><br>Cruz Delivery and Installation, LLC, a Colorado limited liability company, Linn Star Transfer, Inc., an Iowa corporation.<br><br>Defendants: | ▲ COURT USE ONLY ▲<br><br>Case Number: |
| Attorney for Carlos Hernandez<br>Thomas H. Mitchiner<br>Mitchiner Law LLC<br>1888 N Sherman St Ste 200<br>Denver, CO 80203<br>Phone Number: 720-538-0371<br>E-mail: tmitchiner@mitchinerlawllc.com<br>Atty. Reg. #: 47465 | Div.:    Ctrm: |
| COMPLAINT WITH JURY DEMAND | |

COMES NOW, the Plaintiff, Carlos Hernandez, by and through his attorney, Thomas H. Mitchiner, of Mitchiner Law, LLC for his complaint against Defendants Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc. states and alleges as follows:

### Nature of the Case

1.   This is an employment discrimination and wage and hour case, brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended (TVII); the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401 *et. seq.*, as amended (CADA); the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq.*, as amended (FLSA); the Colorado Wage Claim Act, C.R.S. § 8-4-101 *et. seq.*, as amended (CWCA); and for common law breach of contract and promissory estoppel.

EXHIBIT A

2.  Carlos Hernandez (Hernandez) alleges that defendant Cruz Delivery and Installation, LLC (Cruz) and Linn Star Transfer, Inc. (Linn) jointly employed him, and improperly classified him as an independent contractor. Hernandez alleges that Linn engaged in intentional employment discrimination on the basis of national origin. Linn's discriminatory practices include, but are not limited to, discrimination in work assignments.

3.  Hernandez further alleges that Cruz and Linn violated state and federal wage and hour laws, by failing to pay Hernandez overtime at a time and a half for all the hours he worked over forty in a week and over twelve in a day.

## Parties

4.  Plaintiff Carlos Hernandez is a resident of the state of Colorado his address is 6775 W. 19th Place Lakewood, CO 80214.

5.  Defendant Cruz Delivery and Installation, LLC (Cruz) is a Colorado limited liability company, with its principal place of business in Colorado located at 10322 W. 59th Ave. Apt #2 Arvada, CO 80004.

6.  Defendant Linn Starr Transfer, Inc. (Linn) is an Iowa corporation, with its principal place of business in Colorado located at 5400 Joliet St Denver, CO 80239, its principal place of business in Iowa is located at 9440 Wright Brothers Ct. SW Cedar Rapids, IA 52404.

## Jurisdiction and Venue

7.  This Court has subject matter jurisdiction over this matter pursuant to Colo. Const. Art. VI § 9 because this is a civil action for damages or equitable relief.

8.  This Court has subject matter jurisdiction over Hernandez's Fair Labor Standards Act claims pursuant to 29 § U.S.C. 216(b).

9.  Venue in Jefferson County District Court is proper pursuant to Colo. R. Civ. 98(c)(1), because the in state Defendant Cruz resides in the City of Arvada, Colorado in Jefferson County.

## Administrative Procedures

10.  Hernandez filed a charge of national origin and race discrimination against Linn with the Equal Employment Opportunity Commission (EEOC) on November 21, 2016. EEOC Charge No

11.  On August 29, 2017, the EEOC mailed, and Hernandez received, a "Notice of Right to Sue" for EEOC Charge No. :          which entitles him to initiate this action

within 90 days of the mailing of said notice. EEOC Notice of Right to Sue, Attached as Exhibit A.

12.   Hernandez has satisfied all private, administrative, and judicial prerequisites to the institution of this action. Hernandez is advised that neither the State of Colorado, the City and County of Denver, the City of Arvada, Jefferson County, nor any city or town located in Jefferson County has a law prohibiting the unlawful employment practices alleged herein which plaintiff was obliged to make a complaint or charge.

### Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc.

13.   Linn is a licensed freight forwarder serving the "last mile home delivery" needs of residential consumers in several states, including Colorado.

14.   Cruz is a licensed motor carrier that operates up to seven trucks and staffs each truck with a driver and a helper.

15.   At its Denver, Colorado location, Linn contracts with licensed motor carriers to deliver appliances from retail stores to the customers' homes.

16.   Linn contracted with Cruz to provide the delivery and installation of appliances (Linn Contract). Linn pays Cruz directly for each delivery.

17.   Under the Linn Contract Cruz must dedicate all its equipment for use by Linn.

18.   Cruz could not use his equipment to work for another freight-forwarder or "last mile delivery" provider without Linn's written consent.

19.   Linn required Cruz to have its equipment available for loading and unloading at Linn in accordance with Linn's schedules.

20.   Linn could require Cruz, at a customer's request, to put the customer's name and logo on their equipment. Cruz could also put Linn's logo on his equipment and his driver's uniforms.

21.   Any driver hired by Cruz had to conform to Linn's specifications.

22.   The drivers had to wear uniforms and be courteous and well-groomed.

23.   Linn reserved the right to request – and enforce the request – that any personnel of Cruz be barred from performing services on behalf of Linn.

### Cruz Delivery and Installation, LLC and Carlos Hernandez

24. In March of 2015 Cruz hired Hernandez to work as a driver under the Linn Contract.

25. State and Federal laws govern the Cruz-Hernandez employment relationship.

26. In order to work for Cruz Hernandez had to pass Linn's criminal background test and drug screening.

27. Cruz supplied Hernandez with everything he needed to perform his job, including a truck, a uniform, and tools.

28. Hernandez did not have his own equipment and could not have performed the job without the tools provided by Cruz and Linn.

29. Cruz agreed to pay Hernandez $12.50 per delivery of appliances.

30. Hernandez received approximately $800 to $1,200 per week for 60 to 70 hours of work per week.

31. While employed by Cruz and Linn, under the terms of the Linn Contract, Hernandez was prohibited from working for another freight-forwarder or "last mile delivery" company.

### Linn Star Transfer, Inc. and Carlos Hernandez

32. Linn controlled Hernandez's appearance and demeanor. Linn required Hernandez to wear a uniform, to be courteous and well-groomed. If Hernandez violated any of these requirements Linn could bar him from working for Linn and by extension Cruz.

33. Linn determined when Hernandez's work day would begin and end because Linn was in exclusive control of setting delivery schedules.

34. Hernandez could not end his work day without first receiving approval from Linn.

35. If Hernandez had a problem during the day he would call Linn to help him fix the problem.

36. Linn determined how much money Hernandez would earn because it determined which routes and how many routes he would drive each day.

37. If Hernandez missed a day of work, or showed up late, Linn would deduct money from Cruz's check and Cruz would then deduct this money from Hernandez's paycheck.

38. If Hernandez caused any damage while conducting a delivery or installation Linn would deduct money from Cruz's check and Cruz would then deduct this money from Hernandez's paycheck.

39. Linn often required Hernandez to go to customers locations to repair damages caused by other employees of Linn. Hernandez did not get paid any money to perform this work.

40. Hernandez would arrive at Linn every day around 6:00 am to begin working.

41. When he got into work Linn would assign Hernandez deliveries. Typically, Hernandez would have 10 to 15 deliveries to complete each day.

42. Hernandez would typically work an 11 hour to 15-hour shift, ending work at 5:00 pm or 9:00 pm each day.

43. Many of these deliveries involved multiple appliances.

44. For example, on Friday September 23, 2016 Hernandez and his helper had to deliver and install 15 refrigerators.

45. The invoice required that Hernandez only deliver and install the appliances at the location.

46. However, the customer asked Hernandez to remove and backhaul the old refrigerators.

47. Hernandez called Chip LeRoy (LeRoy), Linn's Senior General Manager at their Denver Facility, to inform him of this request.

48. Hernandez informed LeRoy that his invoice did not indicate that he had to backhaul the refrigerators.

49. LeRoy had previously informed Hernandez not to perform any work that was not indicated on the invoice.

50. In accordance with these instructions Hernandez refused to backhaul the refrigerators.

51. LeRoy then called Cruz to inform Cruz of Hernandez's refusal.

52. On September 26, 2016 Linn and Cruz terminated Hernandez for refusing to backhaul the refrigerators.

53. On October 20, 2016 Hernandez sent a Demand Letter to Cruz and Linn demanding that they pay him his past due wages.

54. Up until the date of the filing of this complaint Cruz and Linn have not tendered any money to Hernandez; entitling him to penalties, fees and costs under the Colorado Wage Claim Act and the Fair Labor Standards Act.

### Linn Star Transfer, Inc.'s Disparate Treatment of Carlos Hernandez

55. Hernandez, a Hispanic of El-Salvadorian decent, belongs to a class protected by Title VII.

56. The fact that Hernandez held the position for over a year shows that he was qualified for the position.

57. Linn required Hernandez, and others of his protected class, to perform more work and less desirable work than individuals not of his protected class.

58. When Hernandez voiced his opposition to this disparate treatment Linn terminated Hernandez.

59. Linn gave individuals not of Hernandez's protected class the most direct routes, which allowed them to complete more deliveries and to make more money.

60. Linn gave Hernandez and others of his protected class routes that required multiple appliances to be delivered and installed at one location, thus minimizing the number of routes that could be completed each day by non-White employees and thereby reducing the amount of money they could earn.

61. Linn required non-White drivers, like Hernandez, to return to locations to repair work without being compensated.

62. Unlike Hernandez, White employees were not terminated or reprimanded for refusing to perform work not described on the invoice.

### First Claim for Relief
(Breach of Contract – Payment of Wages
Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc.)

63. The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

64. Linn and Cruz entered into a contract.

65. The contract required Cruz to deliver and install appliances on behalf of Linn to the end consumers location.

66. Cruz, then hired Hernandez as an employee to perform the actual work under the Linn Contract.

67. Linn and Cruz jointly employed Hernandez. Cruz acted as the intermediary employer and Linn acted as the primary employer.

68. Hernandez complied with all conditions precedent and other requirements of the employment contract.

69. Linn and Cruz breached the employment contract by paying Hernandez for all the time he spent working predominantly for the benefit of Linn and Cruz.

70. As a result of this breach, Hernandez suffered damages in an amount to be proved at trial.

### Second Claim for Relief
(Promissory Estoppel – Payment of wages for all time worked
Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc.)

71. The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

72. Linn and Cruz promised to pay Hernandez for all the time he spent working predominantly for the benefit of Linn and Cruz.

73. Hernandez relied on this promise.

74. In reliance, on this promise Hernandez did not search for other jobs, and performed work for Linn and Cruz.

75. Linn and Cruz did not honor their promise to pay Hernandez for all of the hours he spent working for them.

76. As a result, Hernandez suffered damages, in an amount to be proved at trial.

### Third Claim for Relief
(Colorado Wage Claim Act – Failure to pay overtime–
Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc.)

77. The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

78. Hernandez was an employee of Linn.

79. Hernandez worked more than forty hours a week as a driver for Linn and Cruz.

80. Hernandez regularly worked more than twelve hours a day.

81. Since Linn assigned Hernandez his schedule Linn and Cruz knew that Hernandez performed this work.

82. Linn and Cruz did not pay him overtime for the hours that he worked over forty in a week or for the hours he worked over twelve in a day.

83. Linn and Cruz's failure to pay Hernandez his earned, vested, and determinable wages was willful, and thus Plaintiff is entitled to an additional 50% penalty pursuant to C.R.S. § 8-4-109.

84. As a result, Hernandez suffered damages, in an amount to be proved at trial.

**Fourth Claim for Relief**
(Fair Labor Standards Act – Failure to pay Overtime
Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc.)

85. The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

86. Hernandez worked more than forty hours a week as a driver for Linn and Cruz.

87. Since Linn assigned Hernandez his schedule Linn and Cruz knew that Hernandez performed this work.

88. Hernandez transported goods stored at a storage terminal in Colorado, to end consumers located only in Colorado.

89. The goods arrived in Colorado from an out of state shipper for sale; they did not come to Colorado to fulfill a specific order for a specific quantity.

90. The storage facility from which the goods were moved is a distribution point from which specific amounts of the product are sold or allocated.

91. The transportation of the goods within the state of Colorado is specifically arranged for only after the sale of the goods to the end consumer.

92.     Linn and Cruz did not pay Hernandez overtime for the hours that he worked over forty in a week.

93.     Linn and Cruz's failure to pay the Hernandez his earned, vested and determinable wages was willful, and thus Plaintiff is entitled to liquidated damages.

94.     As a result, Hernandez suffered damages, in an amount to be proved at trial.

### Fifth Claim for Relief
(Colorado Wage Claim Act – Illegal Deductions –
Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc.)

95.     The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

96.     Linn and Cruz deducted $1,500 from Hernandez during the course of his employment.

97.     Linn and Cruz deducted $400 for damage caused during the installation of a dryer, $500 for damage caused during the installation of a laundry center, and $300 for damage caused during the installation of an oven.

98.     In addition, the Company fined Hernandez $300 for not showing up to work one day.

99.     As a result, Hernandez suffered damages, in an amount to be proved at trial.

### Fifth Claim for Relief
(Colorado Wage Claim Act – Failure to pay last pay check –
Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc.)

100.    The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

101.    Linn and Cruz terminated Hernandez on September 26, 2016.

102.    When Linn and Cruz terminated Hernandez, Hernandez had performed work for them that he had not been compensated for.

103.    Linn and Cruz failed to comply with the provisions of the Colorado Wage Claim Act regarding payment of last paycheck.

104.    Linn and Cruz have continued to fail to pay Cruz his final paycheck up to the date of the filing of this complaint.

105. As a result, Hernandez suffered damages, in an amount to be proved at trial.

### Sixth Claim for Relief
(Title VII of the Civil Rights Act – Linn Star Transfer, Inc.)

106. The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

107. Hernandez, a Hispanic of El-Salvadorian decent, belongs to a class protected by Title VII.

108. The fact that Hernandez held the position for over a year shows that he was qualified for the position.

109. Linn required Hernandez, and others of his protected class, to perform more work and less desirable work than individuals not of his protected class.

110. When Hernandez voiced his opposition to this disparate treatment Linn terminated Hernandez.

111. Linn gave individuals not of Hernandez's protected class the most direct routes, which allowed them to complete more deliveries and to make more money.

112. Linn gave Hernandez and others of his protected class routes that required multiple appliances to be delivered and installed at one location, thus minimizing the number of routes that could be completed each day by non-White employees and thereby reducing the amount of money they could earn.

113. Linn required non-White drivers, like Hernandez, to return to locations to repair work without being compensated.

114. Unlike Hernandez, White employees were not terminated or reprimanded for refusing to perform work not described on the invoice.

115. Hernandez refused to back-haul the 15 refrigerators on September 23, 2016 because the back-haul was not listed on the invoice.

116. Linn terminated Hernandez because Hernandez did not perform the back-haul.

117. Linn did not terminate white drivers for refusing to perform work not listed on the invoice.

118. As a result, Hernandez suffered damages, in an amount to be proved at trial.

### Seventh Claim for Relief
(Colorado Anti-Discrimination Act – Linn Star Transfer, Inc.)

119.   The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

120.   The Plaintiff hereby incorporates the preceding paragraphs as if stated, fully herein.

121.   Hernandez, a Hispanic of El-Salvadorian decent, belongs to a class protected by Title VII.

122.   The fact that Hernandez held the position for over a year shows that he was qualified for the position.

123.   Linn required Hernandez, and others of his protected class, to perform more work and less desirable work than individuals not of his protected class.

124.   When Hernandez voiced his opposition to this disparate treatment Linn terminated Hernandez.

125.   Linn gave individuals not of Hernandez's protected class the most direct routes, which allowed them to complete more deliveries and to make more money.

126.   Linn gave Hernandez and others of his protected class routes that required multiple appliances to be delivered and installed at one location, thus minimizing the number of routes that could be completed each day by non-White employees and thereby reducing the amount of money they could earn.

127.   Linn required non-White drivers, like Hernandez, to return to locations to repair work without being compensated.

128.   Unlike Hernandez, White employees were not terminated or reprimanded for refusing to perform work not described on the invoice.

129.   Hernandez refused to back-haul the 15 refrigerators on September 23, 2016 because the back-haul was not listed on the invoice.

130.   Linn terminated Hernandez because Hernandez did not perform the back-haul.

131.   Linn did not terminate white drivers for refusing to perform work not listed on the invoice.

132. As a result, Hernandez suffered damages, in an amount to be proved at trial.

WHEREFORE, Carlos Hernandez respectfully prays for a judgment in his favor and against Defendant Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc., awarding Plaintiff:

A. Against Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc. for expectation damages resulting from the breach of contract and promissory estoppel;

B. Against Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc. for wages and compensation owed under the Colorado Wage Claim Act.

C. Against Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc. for wages and compensation under the Fair Labor Standards Act;

D. Against Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc. for all penalties available to Hernandez under the Colorado Wage Claim Act;

E. Against Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc. for liquidated damages available to Hernandez under the Fair Labor Standards Act;

F. Against Cruz Delivery and Installation, LLC and Linn Star Transfer, Inc., for attorney fees under the Colorado Wage Claim Act, the Fair Labor Standards Act, Colorado Anti-Discrimination Act and the Title VII of the Civil Rights Act of 1964;

G. Against Linn Star Transfer, Inc., for back pay and front pay Title VII of the Civil Rights Act of 1964, and Colorado Anti-Discrimination Act;

H. Against Linn Star Transfer, Inc., for punitive and compensatory damages Title VII of the Civil Rights Act of 1964, and Colorado Anti-Discrimination Act;

I. All issues triable by a jury to be determined by a jury;

J. Costs; and

K. Such other relief as the Court deems proper.

Respectfully submitted this 27 November 2017.

                                                       Mitchiner Law, LLC

                                                       By:
                                                       /s/ Thomas H. Mitchiner
                                                       Thomas H. Mitchiner, #47465
                                                       *Attorney for Plaintiff*

Address of Plaintiff:

6775 W. 19th Place
Lakewood, CO 80214